[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13134
Non-Argument Calendar

_____

D. C. Docket No. 1:11-cv-03483-SCJ

AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY,

Plaintiff-Appellee,

versus

THE ABRAM LAW GROUP, LLC,
RICHARD S. ABRAM,
NORTH COAST TITLE, LLC,
CHERYL MEDLEY,

Defendants-Appellants,

BBC PARTNERS, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 14, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellants the Abram Law Group, Richard S. Abram, North Coast Title, LLC, and Cheryl Medley appeal the district court's judgment on the pleadings to American Guarantee and Liability Insurance Company (American Guarantee). The district court concluded that, *inter alia*, American Guarantee had no duty to defend the underlying lawsuit against Appellants because the claims in the underlying lawsuit were either based on or related to acts or omissions occurring before May 1, 2006. Appellants contend (1) the district court erred in determining the prior acts exclusion in the parties' professional liability insurance policy bars coverage if the claims are causally connected in any way with an act or omission that took place prior to May 1, 2006; and (2) even accepting the district court's interpretation of the policy's language, the district court erred because the underlying lawsuit alleged certain acts and omissions that were not "based on" any acts or omissions that occurred prior to May 1, 2006. After review,[1] we affirm the district court's judgment.

American Guarantee's Amended Complaint sought a declaratory judgment that the "prior acts exclusion" in its policy barred coverage for an underlying lawsuit against the Appellants. The prior acts exclusion states: "This policy

---

[1] "We review *de novo* a district court's entry of judgment on the pleadings, accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

2

specifically excludes coverage for Damages and Claim Expenses because of Claims brought against any Insured based on any act or omission or any Related Act or Omission that occurred or is alleged to have occurred prior to 5/01/06."

The underlying lawsuit was brought against Appellants by a real estate developer, BBC Partners, LLC, and a bank, RM Kids, LLC, over the failed development of a residential subdivision in Gwinnett County, Georgia. Count One of the underlying lawsuit alleged malpractice by Appellants in a real estate closing on January 26, 2006, which involved a $7.35 million loan BBC Partners borrowed from RM Kids on a short-term basis to purchase a 114-acre tract of land for the subdivision (the Acquisition Loan). Count Two of the underlying lawsuit alleged fraud and conspiracy by Appellants in a real estate closing on April 23, 2007, which was done in order to cover up the alleged malpractice committed on January 26, 2006. As part of the April 2007 closing, BBC Partners borrowed an additional $2.5 million from RM Kids (the Development Loan) to develop the property purchased through the Acquisition Loan.

The underlying lawsuit alleges Abram and Medley committed wrongful acts in both closings. As to the Acquisition Loan closing, it alleges that Abram and Medley committed malpractice by failing to identify three exceptions to the property's title: (1) certain environmental restrictions contained in a prior deed from Colonial Pipeline; (2) a waterline easement; and (3) a driveway easement.

3

The underlying suit further alleges that BBC Partners discovered the waterline and driveway easements prior to the Development Loan closing, and that BBC was seeking coverage for these errors under the title insurance policy Abram issued in the Acquisition Loan as the agent of Old Republic National Title Insurance Company (Old Republic).

As to the Development Loan closing, the underlying suit alleges the Appellants fraudulently schemed to close the Development Loan in such a way as to eliminate Old Republic's liability for Abram's and Medley's errors in the Acquisition Loan closing. The lawsuit alleges Abram and Medley sent out quitclaim deeds to release the Acquisition Loan security deed and terminate Old Republic's obligation under the Acquisition Loan title insurance policy. Abram and Medley also added the water line easement and the driveway easement as exceptions in the Development Loan closing documents. Further, Abram and Medley failed to issue the owner's title insurance policy to BBC Partners. The lawsuit alleges Abram unethically circumvented BBC Partners' attorney to cause BBC Partners to execute a new deed with the additional exceptions. Abram also failed to advise RM Kids that he had a conflict of interest based on the errors he committed in the Acquisition Loan.

Old Republic filed a cross-claim against the Abram Law Group. In Count One, Old Republic contends the Abram Law Group is liable for any judgment

entered against Old Republic for the alleged fraud and conspiracy to eliminate its liability for the Acquisition Loan errors.  In Count Two, Old Republic alleges the Abram Law Group was negligent in failing to identify the original three exceptions to title.

Abram and Medley tendered the lawsuit and cross-claim to American Guarantee and requested a defense.  American Guarantee agreed to provide a defense subject to a reservation of rights and brought this declaratory judgment action.

We agree with the district court's conclusion that the prior acts exclusion bars coverage for any claim connected to the January 26, 2006, Acquisition Loan closing.  The prior acts clause excludes coverage "based on any act or omission or any Related Act or Omission that occurred or is alleged to have occurred prior to" May 1, 2006.  The policy defines "Related Act or Omission" as "an act or omission that forms the basis for two or more claims, where a series of continuous, repeated, interrelated or causally connected acts or omissions give rise to one or more claims . . . ."

Though Appellants contend Count Two alleging fraud in the underlying lawsuit relates only to the April 23, 2007, Development Loan closing and thus is covered under the policy, the acts and omissions giving rise to the malpractice claim from the January 26, 2006, Acquisition Loan closing also undergird the

5

fraud claim regarding the Development Loan.  The alleged negligence involved in the Acquisition Loan closing is the necessary predicate to the fraudulent scheme to extinguish the 2006 lender's title insurance policy and fraudulent insertion of additional exceptions to the 2007 title insurance policy.  Further, the claims that (1) Abram dealt directly with BBC Partners to ensure the deed to secure debt containing the additional exceptions was signed, (2) the owner's title insurance policy listing the additional exceptions was not issued so the exceptions would not be discovered, and (3) Abram failed to disclose the conflict of interest, all flow from Abram's and Medley's alleged failure to disclose the restrictions and easements in the January 26, 2006, closing.  The district court did not err in determining the acts and omissions surrounding the Acquisition Loan closing form the basis of the claims regarding the fraud alleged during the Development Loan closing, or in finding the other acts or omissions surrounding the Development Loan closing were interrelated to or causally connected to the acts or omissions at the Acquisition closing.  *Cf. Cont'l Cas. Co. v. Wendt*, 205 F.3d 1258, 1262-63 (11th Cir. 2000) (applying plain meaning of the term "related" to a dispute over insurance coverage).

Additionally, we reject Appellants' contention that Old Republic's cross-claim also does not allege any pre-May 1, 2006, acts.  The cross-claim alleges a fraudulent scheme to eliminate Old Republic's liability under the Acquisition Loan

title insurance policy for the errors Abram and Medley committed while closing

the Acquisition Loan.  Thus, the acts or omissions surrounding the Acquisition

Loan are also related to this claim.

The district court did not err in concluding the prior acts exclusion applied to

exclude coverage of the claims against Appellants in the underlying lawsuit.

**AFFIRMED.**